IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH HOWARD NEWKIRK, #0248688                          PLAINTIFF

VERSUS                                      CAUSE NO. 3:26cv60-TSL-MTP

COMMONWEALTH OF MISSISSIPPI,
ATTORNEY GENERAL LYNCH, JUSTICE
JOSIAH DENNIS COLEMAN, HINDS
COUNTY CIRCUIT COURT CLERK
KARLA, BURL CAIN, PREMIER
SERVICES DIRECTOR, and ZACK
WALLACE                                                  DEFENDANTS

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the court <u>sua sponte</u>.  <u>Pro se</u>
plaintiff Kenneth Howard Newkirk is incarcerated with the
Mississippi Department of Corrections on behalf of the
Commonwealth of Virginia.  He initiated this action on January
30, 2026.

On February 2, 2026, the court ordered plaintiff to either
pay the filing and administrative fees or file an application
for leave to proceed <u>in forma pauperis</u> (<u>ifp</u>), pecifically
"including the section 'Certificate to Be Completed by
Authorized Officer' of prison accounts or file an affidavit
specifically stating the name of the prison official contacted
concerning the Certificate and why this information is not
provided to this court."  (Order [3] at 1).  The response was
due March 4.  Plaintiff responded that he was "not filling out

any financial forms" nor paying for this lawsuit.  (Resp. [4] at 1).  Having received no compliance, on March 18, the court entered the Order to Show Cause [5].  The court ordered plaintiff to either pay the fees, file an ifp application, or show cause why the case should not be dismissed for failure to obey an Order [3] of the court.  Plaintiff again responded that he would not pay the fees nor apply for pauper status.

When plaintiff still did not comply, the court entered the Second Order to Show Cause [7], on April 15, 2026, giving him one last chance to comply.  Plaintiff then responded that he seeks ifp status "under duress" but asked that the court release him from prison so he could earn the money to pay the fees. (Resp. [8] at 1).  Plaintiff still did not file the ifp application nor Certificate to Be Completed by Authorized Officer.

All Orders, including a form ifp application and Certificate, were mailed to plaintiff's address of record and were not returned as undeliverable.  To date, he has refused to comply.  The court has warned him that failure to comply could result in the dismissal of this case.  (2d Order to Show Cause at 1); (Order to Show Cause at 1); (Order [3] at 1).  It is apparent that plaintiff lacks interest in pursuing this claim.

The court has the authority to dismiss an action for the plaintiff's failure to obey court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under the court's inherent authority to dismiss the action sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Id. at 629-30.  Since the defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey Orders of the court.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 13th day of May, 2026.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

3